1   Cynthia J. O'Neill – SBN 132334
    coneill@lcwlegal.com
2   LIEBERT CASSIDY WHITMORE
    A Professional Law Corporation
3   153 Townsend Street, Suite 520
    San Francisco, CA 94107
4
    Telephone:    (415) 512-3000
5   Facsimile:    (415) 856-0306

6   Attorneys for Defendant
    CITY OF MARTINEZ
7

8                  UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10

11   BRIAN CARTER, et al              Case No.  C 06 7534 PJH

12              Plaintiffs,           **STIPULATION FOR DISMISSAL WITH
                                      PREJUDICE AND FOR ENTRY OF
13   v.                               JUDGMENT; ORDER APPROVING
                                      STIPULATION AND DISMISSAL WITH
14   CITY OF MARTINEZ,                PREJUDICE**

15              Defendant.

16

17        Whereas, Brian Carter and other City of Martinez sworn police personnel (collectively

18   referred to as "Plaintiffs") filed a complaint in the U.S. District Court for the Northern District of

19   California on or about December 8, 2006, entitled, Brian Carter v. City of Martinez, Case No.

20   C06-7534 PJH ("Lawsuit") against the City of Martinez for violation of the Fair Labor Standards

21   Act ("FLSA"), alleging that the City had failed to pay the appropriate amount of FLSA overtime

22   compensation;

23

24        Whereas, each Plaintiff who confirmed his or her choice to join this lawsuit has already

25   signed a "Consent to Join Action (Fair Labor Standards Act, 29 USC § 216(b))" and has not

26   withdraw his or her consent to this date;

27

28   _____
          STIPULATION FOR DISMISSAL WITH PREJUDICE CASE NO. C 06 7534 PJH

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA 90045

1   Whereas, all parties desire to fully resolve this matter and to avoid incurring further costs

2   and expenses incident to the litigation in this matter;

3   Whereas, all parties have agreed to the terms of the attached "Settlement Agreement and

4   General Release of Claims" attached hereto as evidenced by their signature pages;

5

6   Whereas, the parties agree that this settlement is a resolution of disputed matters and is

7   not, in any way, an admission of liability, fault or wrongdoing on the part of any party;

8   IT IS HEREBY STIPULATED, by and between the parties of this action and through

9   their designated legal counsel, that the above-captained action will be disposed of as follows:

10      1.   That the Court order that his action be dismissed with prejudice in its entirety as to

11      all parties pursuant to Federal Rule of Civil Procedure 41(a)(2) based upon the

12      terms and conditions stated in the attached Settlement Agreement and General

13      Release of Claims;

14

15      2.   That the Plaintiffs must sign document(s) evidencing their agreement to both this

16      "Stipulation With Prejudice and for Entry of Judgment" and the "Settlement

17      Agreement and General Release of Claims" before they can receive any wage

18      payment due under the "Settlement Agreement and General Release of Claims";

19      3.   That any action to enforce the attached Settlement Agreement and General Release

20      of Claims be brought in Superior Court of California, in and for the County of

21      Contra Costa or the U.S. District Court for the Northern District of California, to

22      the extent either has proper jurisdiction; and

23

24   / / /

25   / / /

26   / / /

27   / /

28                                    2

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA 90045

4. That the Clerk of the Court enter final judgment dismissing this action with prejudice in its entirety.

Dated: March 3|18, 2008

FOR THE PLAINTIFFS

Brian Carter
POA President

Dated: March _19_, 2008

CITY OF MARTINEZ

Don Blubaugh
City Manager

Approved as to Form and Content

Dated: March _19_, 2008

LIEBERT CASSIDY WHITMORE

Cynthia J. O'Neill, Esq.

Approved as to Form and Content

Dated: March 3/8, 2008

RAINS LUCIA STERN, PC

Harry Stern, Esq.
Matthew George, Esq.
Attorneys for Plaintiff Brian Carter

3

STIPULATION FOR DISMISSAL WITH PREJUDICE CASE NO. C 06 7534 PJH

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA 90045

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA 90045

## ORDER APPROVING STIPULATION AND DISMISSAL WITH PREJUDICE

The Court having considered the parties' stipulation submitted herein and good cause appearing therefore, IT IS HEREBY ORDERED:

1.   That this action is dismissed with prejudice in its entirety as to all parties pursuant to Federal Rule of Civil Procedure 41(a)(2) based upon the terms and conditions stated in the Settlement Agreement and General Release of Claims;

2.   That any action to enforce the parties' Settlement Agreement and General Release of Claims be brought in the Superior Court of California, in and for the County of Contra Costa or the U.S. District Court for the Northern District of California; and

3.   That the Clerk of the Court enter final judgment dismissing this action with prejudice and in its entirety

SO ORDERED

Dated: March ___26___, 2008



IT IS SO ORDERED

Judge Phyllis J. Hamilton

51402.2 MA383-010

EXHIBIT A

## SETTLEMENT AGREEMENT AND GENERAL RELEASE OF CLAIMS

This Settlement Agreement and General Release ("Agreement") is made and entered into by and between the City of Martinez ("City"), Brian Carter, and other Plaintiffs who have consented to join and who have not withdrawn their consent (collectively "Plaintiffs"), with reference to the following facts (the City and Plaintiffs are collectively referred to herein as the "Parties"):

## RECITALS

A.    Whereas, Plaintiffs presently are or were employed by the City of Martinez in the Police Department; and

B.    Whereas, on December 8, 2006, Plaintiffs filed an action captioned BRIAN CARTER, et al v. CITY OF MARTINEZ in the U. S. District Court for the Northern District of California, Case No C 06-7534 PJH ("the Action") arising out of certain events that allegedly occurred during their employment with City; and

C.    Whereas, the following additional persons signed a Consent to Join this Action and have not withdrawn their Consent to date (hereafter "Plaintiffs"): Buda, Charles; Busciglio, Kevin; Butler, John; Caldera, Steven; Carter, Brian; Dodd, Bryan; Estanol, Michael; Ferrer, Fred; Kruta, William; Leong, Ian; Lynch, Daniel; Madsen, Doug; Maloney, Lisa; Mathers, David; Miller, Dirk; Muncher, Tyson; Patterson, Tim; Prins, Evert; Rodgers, Jason; Roth, Aaron; Salamid, Patrick; Schnabel, Craig; Skinner, Josh; Starzyk, Paul; Stretch, John; Thompson, Michael; VanDerMeulen, Jeff; Voyvodich, Nick; Walkup, Glenn; Winslett, Adam; and

D.    Whereas, Plaintiffs' "Complaint [Violation of the Fair Labor Standards Act]" ("Complaint"), alleges violation of the Fair Labor Standards Act (29 U.S.C. § 201, et seq.)("FLSA") and seeks recovery of allegedly unpaid compensation, interest, liquidated damages, a one-year extension of the statute of limitations, attorneys' fees and costs; and

E.    Whereas, the City filed an Answer to the Complaint denying its material allegations and asserting affirmative defenses thereto; and

F.    Whereas, the Plaintiffs' claims are in all respects controverted, including the claims regarding the applicability of the FLSA to the facts as alleged in the Complaint, as well as the applicable level of compensation, and all other claims, allegations and requests for damages; and

G.    Whereas, the Parties have engaged in extensive negotiations in an attempt to resolve their differences, and throughout these negotiations all Parties were, and continue to be, represented by counsel experienced in wage and employment matters; and

H.    Whereas, the Parties wish to avoid the potential uncertainty, expense and delay of litigation and have therefore, based upon their extensive negotiations, agreed to a settlement of the dispute; and

1

I.      Whereas, as a result of their negotiations, the Parties want to settle the Action and resolve and release all disputes and claims arising out of the Action against the City; and

J.      Whereas, some of the Plaintiffs may have retired, resigned, or no longer work for the City as of various dates prior to the date of this Agreement, and therefore must provide the City their current addresses in order to receive the benefits of this Agreement; and

K.      Whereas, the Parties want to enter into this Agreement as hereinafter set forth:

**NOW THEREFORE,** in consideration for the mutual promises and undertakings of the Parties as set forth below, Plaintiffs and the City hereby enter into this Agreement and agree as follows:

1.    Recitals.   The recitals set forth in this Agreement are true and correct and are hereby fully incorporated by reference into this Agreement. This Agreement affects claims and demands which are disputed, and by executing this Agreement, no Party admits or concedes any of the claims, defenses, or allegations which were raised or could be raised by any other party or any third party. Each Party expressly denies liability for any and all claims or demands. The Parties acknowledge that this is a compromise settlement of a disputed claim or claims. Moreover, neither this Agreement, nor any part of this Agreement, shall be construed to be, nor shall be, admissible in any proceeding as evidence of, or as an admission by, any Party of any violation of law or any wrongdoing whatsoever. This document may be introduced in a proceeding to enforce the terms of the Agreement.

2.    Settlement Terms.
   (a)    If the contingencies described in this Agreement are met, the City will provide a one time payment ("Wage Payment"), of $71,393.00, to be divided among the individual Plaintiffs as described on the signed acknowledgements less applicable withholdings for state and federal taxes, if any. Attached as Exhibit D is a list of Plaintiffs with individual settlement allocations less applicable withholdings for state and federal taxes, if any. The Wage Payment represents the agreed upon amount for all compensation allegedly owed to Plaintiffs and all amounts allegedly owed for liquidated damages, a one-year extension of the statute of limitations, interest, and any and all other damages and/or relief recoverable in the Action, with the exception of attorneys' fees, for the full liability period in this Action. As a further condition to receiving this Wage Payment, each Plaintiff must sign the acknowledgment that he or she understands and agrees to accept the terms of this Agreement, which acknowledgement is attached as Exhibit C.
   (b)    If the contingencies described in this Agreement are met, the City will provide the Law Firm of Rains, Lucia & Wilkinson, LLP, tax identification number 94-3328672, ("Law Firm") a separate check

2

payable to the Law Firm in the amount of $21,607 for attorneys' fees and costs. Except as provided here, each party will bear its own attorneys' fees and costs.

(c)     Except as set forth in paragraph (f), the amounts described in paragraphs (a) and (b) shall be inclusive of compensation allegedly owed to all named Plaintiffs, liquidated damages, a one-year extension of the statute of limitations, attorney fees' and costs, interest and any and all other damages and/or relief recoverable or potentially recoverable through the Action. The Wage Payment shall be paid for each Plaintiff separately as described in paragraph (a).

(d)     Payment of the sums described in paragraphs 2a and 2b are contingent on, no later than 60 days after the Court's approval of the "Stipulation for Dismissal With Prejudice and For Entry of Judgment; Order Approving Stipulation and Dismissal with Prejudice" ("Stipulation and Order") attached as Exhibit A, the completion of both:  1) the signing of the Side Letter attached hereto as Exhibit B by the collective bargaining representatives for the City and the Martinez POA; and 2) meet and confer with the City in good faith as required by law as to prospective, cost-neutral changes in the terms and conditions of employment to prevent uncompensated work.  Both parties agree that 60 days is a reasonable period of time to complete meet and confer as to the prospective changes described above, and that the prospective changes will focus on cost-neutral solutions to prevent uncompensated work.

(e)     Notwithstanding anything in this Agreement, the City may unilaterally withdraw any of the changes negotiated or unilaterally made as a management right to prevent prospective, uncompensated work, as described in this Agreement, no later than 90 days from a final decision of either or both the U.S. Court of Appeals for the Ninth Circuit or of the U.S. Supreme Court that holds that donning and doffing of either a uniform or gear is not compensable work time for law enforcement personnel.

(f)     The City will issue the above Wage Payments in an amount as decreased by the required withholdings for State and Federal taxes, if any.  Each Plaintiff acknowledges that neither the City, nor any of their representatives or attorneys have made any promise, representation or warranty, express or implied, regarding the tax consequences of any amounts paid pursuant to this Agreement.

(g)     Payment of the Wage Payment listed in paragraph 2a above will occur within 30 days after the completion of all of the following contingencies: 1) the individual Plaintiff has completed an individual signature page to evidence his or her agreement with both this Agreement and the Stipulation and Order; 2) the Court's approval of

3

the Stipulation and Order; and 3) the completion of meet and confer with the City as required by law as to prospective, cost-neutral changes in the terms and conditions of employment to prevent uncompensated work as described above. Notwithstanding anything in this Agreement, no Wage Payment will be paid to any Plaintiff who has not signed, dated, and provided a current mailing address on a signature page to this Agreement. The payment to the Law Firm as listed in paragraph 2b is also contingent on the Court's approval of the Stipulation and Order and the completion of the meet and confer as described in this Agreement, and will be made within 30 days after those contingencies are completed.

(h)     Plaintiffs expressly agree that the allocation of the Settlement Amounts, as provided herein, is fair, just and reasonable and acceptable to them.

3. Resolution of the Action. Each of the Plaintiffs agrees to dismiss, with prejudice, the Action, and to withdraw or dismiss any other complaint, claim, grievance or charge for alleged FLSA violations that he or she has filed against the City up to the date he or she executes this Agreement. This Agreement extends to any such complaint, claim, grievance or charge for any FLSA violation filed in any state or federal court, with any administrative body, agency, board, commission, or other entity whatsoever. In order to finally and fully resolve this FLSA Action, the counsel for the Parties shall jointly execute, and the Parties shall approve the Stipulation and Order substantially in the form of stipulation and order attached hereto at Exhibit "A" through their signature on a signature page to this Agreement. The Parties expressly consent to and authorize their counsel to execute and seek the Court's approval of the Stipulation and Order on their behalf. The Parties shall submit the Stipulation and Order to the Court at the earliest opportunity after all Plaintiffs have fully completed an individual signature page and shall jointly request the Court to accept and approve the Stipulation and Order. Counsel shall prepare documentation as may be required by the Court. If for any reason the Court declines to enter and approve the Stipulation and Order, the Parties shall promptly meet and confer in a good faith effort to prepare a form of stipulation and order, or other similar decree, acceptable to the Court and consistent with the terms of this Agreement.

4. Jurisdiction.     This Agreement is executed and delivered in the State of California and the rights and obligations of the Parties hereunder shall be construed and enforced in accordance with the laws of the State of California. This Agreement may be executed in counterparts. Except as provided in this Agreement, all executed copies are duplicate originals and are equally admissible in evidence.

5. Right to Appeal. Provided the Court enters the Stipulation and Order substantially in the form attached hereto at Exhibit A, the Parties shall waive all rights to appeal, seek to vacate or set-aside, and collaterally attack such Stipulation and Order.

6. Release of Claims by Plaintiffs. Plaintiffs hereby, on behalf of themselves and their spouses, domestic partners, heirs, representatives, executors, agents, attorneys, administrators, successors-in-interest and assigns, irrevocably and unconditionally release and discharge the City, including its officers and employees, heirs, representatives, executors, agents, attorneys,

4

administrators, and successors-in-interest, from any and all lawsuits, claims, actions, demands or other legal responsibilities of any kind which Plaintiffs have, or may have, against the City, its officers and employees which were asserted in the Action, or which could have been asserted based upon or related to the facts alleged in the Action. Plaintiffs expressly acknowledge that this Release includes any and all claims that Plaintiffs asserted or could have asserted based upon or related to the facts alleged in the Action. Plaintiffs also acknowledge and agree that this release is an essential and material term of this Agreement and without such release, no settlement would have been reached by the Parties.

      7. <u>Release of Unknown Claims.</u>    Plaintiffs, and each of them, hereby waive any and all rights or benefits that any of them may have under Section 1542 of the Civil Code of the State of California, which provides:

> "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."

Plaintiffs, and each of them, respectively, acknowledge that they understand the effect of this waiver pursuant to Civil Code Section 1542, and that they are represented and have been advised of this release by their counsel.

      8. <u>Knowledge of Parties.</u> Plaintiffs and City, respectively, understand and agree to the settlement, this Agreement and the terms and conditions contained herein, and enter into this Agreement knowingly and voluntarily. Plaintiffs have been advised that they have the right to seek legal advice with respect to this Agreement, including the release, have had the opportunity to consult with counsel, and have in fact consulted with counsel of their choice. The Parties have investigated the facts pertaining to the settlement and the Agreement and all matters pertaining thereto as deemed necessary. The Parties have relied upon their judgment, belief, knowledge, understanding and expertise after consultation with their counsel concerning the legal effect of the settlement and its terms. By signing this document and the documents referred to herein, the Parties signify their full understanding, agreement, and acceptance of the Agreement, the Stipulation and Order attached as Exhibit A, and the Side Letter attached as Exhibit B.

      9. <u>Entire Agreement.</u> This Agreement, the Stipulation and Order, and the Side Letter contain the entire agreement of the Parties regarding the subject matter of this agreement and shall constitute the final understanding between the Parties hereto. All prior negotiations made or which have occurred prior to the date of this Agreement are merged into this Agreement.

      10. <u>No Additional Representations.</u> Except for the terms of this Agreement, the Stipulation and Order attached as Exhibit A, the Side Letter attached as Exhibit B, and the Acknowledgement attached as Exhibit C, Plaintiffs and the City, respectively, have not relied upon any statement or representation, written or oral, made by any Party, or any of their respective agents, attorneys or any other person, regarding any matter including, but not limited to, the federal or state income tax consequences of the Agreement to any Party. The Parties expressly acknowledge and agree that they have relied solely upon the advice of their own attorneys and/or accountants as to the tax and benefit consequences of the Agreement.

      11. <u>Warranty of Non-Assignment.</u> The Parties warrant that they have not assigned any of the claims or portions of the claims that are the subject of this Agreement.

5

12. Binding Agreement. The Agreement and all documents referred to herein, shall bind and inure to the benefit of and each of the Parties hereto and their spouses, domestic partners, children, heirs, estates, administrators, representatives, executors, attorneys' successors and assigns. Except as expressly provided herein, this Agreement is not for the benefit of any person not a Party hereto or any person or entity not specifically identified as a beneficiary herein or specifically identified herein as a person or entity released hereby. The Agreement is not intended to constitute a third party beneficiary contract.

13. Authority to Execute. Each Party hereto warrants to the other Party or Parties that he, she or it has the full power and authority to execute, deliver and perform under this Agreement and all documents referred to herein, and that any needed consent or approval from any other person has been obtained.

14. Disclosure of Terms. The Parties understand and consent that the City may be required to disclose the terms of this Agreement pursuant to the requirements of the Ralph M. Brown Act, Government Code section 54950, et seq., and the provisions of any other law or regulation requiring disclosure of information by public entities.

15. Duty to Act in Good Faith. The Parties shall act in good faith and use their reasonable good faith efforts after the execution of this Agreement to ensure that their respective obligations hereunder are fully and punctually performed. The Parties shall promptly perform any further acts and execute and deliver any other documents or instruments that may be reasonably necessary to carry out the provisions of this Agreement. Time is of the essence in this Agreement.

16. Interpretation and Construction. Any ambiguities or uncertainties herein shall be equally and fairly interpreted and construed without reference to the identity of the Party or Parties preparing this document or the documents referred to herein, on the understanding that the Parties participated equally in the negotiation and preparation of the Agreement and the documents referred to herein, or have had equal opportunity to do so. The headings used herein are for reference only and shall not affect the construction of this Agreement.

17. Governing Law and Venue. The settlement, this Agreement, and the documents referred to herein, shall be interpreted in accordance with the laws of the State of California, and if necessary Federal Law. To the extent that any Party brings an action to enforce the terms of this Agreement, such action shall be filed and prosecuted in the Contra Costa Superior Court and/or the United States District Court for the Northern District of California, to the extent of that court's jurisdiction.

18. Breach, Waiver and Amendment. No breach of this Agreement or of any provision herein can be waived except by an express written waiver executed by the Party waiving such breach. Waiver of any one breach shall not be deemed a waiver of any other breach of the same or other provisions of this Agreement. The Agreement may be amended, altered, modified or otherwise changed in any respect or particular only by a writing duly executed by the Parties hereto or their authorized representatives.

19. Exhibits. All exhibits and schedules attached to this Agreement are hereby incorporated into this Agreement as though fully set forth herein.

20. Execution. This Agreement, and any document referred to herein, may be executed in any number of counterparts, each of which may be deemed an original and all of which together shall constitute a single instrument.

6

21. Effective Date. This AGREEMENT shall become effective immediately following execution by all of the PARTIES, on the latest date appearing below.

**PLEASE READ CAREFULLY: This Settlement Agreement and General Release of Claims includes a release of known and unknown claims related to this Action.**

**IN WITNESS WHEREOF,** the Parties hereto have executed this Settlement Agreement and General Release.

Dated: **3/19** ,2008       By: _____
                              Don Blubaugh, City Manager for
                              Defendant City of Martinez

Dated: 3|19 , 2008           By: _____
                              Plaintiff Brian Carter

**APPROVED AS TO FORM AND CONTENT:**

Dated: 3/19 ,2008            By: _____
                              Cynthia O'Neill
                              Attorney for Defendant City of Martinez

Dated: 3/16/ , 2008          By: _____
                              Harry Stern
                              Attorneys for Plaintiffs Brian Carter, et al

7

Plaintiffs

SIGNATURES OF INDIVIDUAL PLAINTIFFS ARE CONTAINED ON SEPARATE
SIGNATURE PAGES ATTACHED AND INCLUDED HEREIN BY THIS REFERENCE.

EXHIBIT B

## EXHIBIT B SIDE LETTER OF AGREEMENT

### Between The Police Officers Association and the City of Martinez

### REGARDING Fair Labor Standards Act (FLSA) SETTLEMENT

The City and the MPOA agree to meet and confer as described in this Side Letter as part of the settlement of the Fair Labor Standards Act (FLSA) lawsuit entitled *Brian Carter v. City of Martinez* C06-7534 PJH. In general, that FLSA lawsuit alleged that the City violated the FLSA by not paying Plaintiffs for the time spent donning and doffing of uniforms, equipment, and safety/protective gear, as well as other off-the-clock work.

1.      The City and the MPOA agree that notwithstanding any provision in the Memorandum of Understanding between the City of Martinez and the Martinez Police Officers' Association, dated July 1, 2004 through December 31, 2008 (MOU), they will meet and confer in good faith as described in the Settlement Agreement and General Release of Claims of the FLSA lawsuit. Specifically, the parties agree to meet and confer as required by law for the purpose of making prospective, cost-neutral changes in the terms and conditions of employment to prevent uncompensated work. The parties agree and understand that this meet and confer is limited to changes that address the uncompensated work issues raised by the Plaintiffs or their legal counsel in the FLSA lawsuit, and as to the donning and doffing of uniform and gear, and is not for any other purpose. The parties agree and understand that "meet and confer in good faith" includes, but is not limited to: negotiations; participating in impasse procedures, if any; and unilateral implementation by the City if no agreement can be reached.

2.      The parties agree that 60 days from the date that the Judge of the U.S. District Court for the Northern District signs the Stipulation for Dismissal with Prejudice and For Entry of Judgment; Order Approving Stipulation and Dismissal with Prejudice" of the FLSA lawsuit is a reasonable time to complete the meet and confer as to the prospective changes described in this Side Letter. The parties agree that they will document agreed upon changes in a separate Side Letter.

3.      The parties agree that the City may unilaterally withdraw any of the changes to prevent uncompensated work that are implemented no later than 90 days from a final decision of either or both the U.S. Court of Appeals for the Ninth Circuit or of the U.S. Supreme Court, provided that any such final decision holds that donning and doffing of the uniform and gear is not compensable work time for law enforcement personnel.

Dated:         March 19, 2008

Don Blubaugh
City Manager

Brian Carter
POA President

EXHIBIT C

ACKNOWLEDGEMENT OF "SETTLEMENT AGREEMENT AND GENERAL
RELEASE OF CLAIMS" AND "STIPULATION FOR DISMISSAL WITH
PREJUDICE AND FOR ENTRY OF JUDGMENT; ORDER APPROVING
STIPULATION AND DISMISSAL WITH PREJUDICE"

I, Kevin Busciglio, the undersigned, have had the opportunity to read and understand the:
1) Settlement Agreement and General Release of Claims of the FLSA lawsuit entitled
"*Brian Carter v. City of Martinez*" C06-7534 PJH (Agreement); and 2) the Stipulation
for Dismissal With Prejudice and for Entry of Judgment; Order Approving Stipulation
and Dismissal With Prejudice ("Stipulation and Order"). I acknowledge and agree by my
signature below to accept the gross sum of $2230.40 as a taxable wage payment for back
wages and as a full settlement of any and all claims for violation of the Fair Labor
Standards Act (FLSA) that I have or may have had with the City of Martinez through the
date the Judge signs the Stipulation and Order.

I understand that my acceptance of the wage payment means that I have given up any
right I may have to sue for those wages under the FLSA for claims that accrued before
the effective date of the settlement in this matter. The FLSA provides that an employee
may bring suit on his or her behalf for unpaid minimum wages and/or compensation, as
well as an equal amount as liquidated damages, plus attorney's fees and court costs.
Generally, a 2-year statute of limitations applies to the recovery of back wages.

By signing below, I am agreeing to the terms of the Settlement Agreement and General
Release of Claims and the Stipulation and Order. I understand that by agreeing to the
terms of those documents, I am both settling claims for alleged FLSA violations for the
full liability period of *Carter v. City of Martinez*, and accepting the wage payment of
$2230.40 as full satisfaction for any amount of back pay that may be due and owing from
the City of Martinez as of the date the judge signs the Stipulation and Order. This sum is
intended to compensate me for all compensation allegedly owed, all amounts allegedly
owed for liquidated damages, a one-year extension of the statute of limitations, interest,
and any and all other damages or relief recoverable. I voluntarily sign below after
investigating the facts as I saw fit and based upon my own decision. Prior to signing this
acknowledgement, I had the opportunity to consult with legal counsel if I so desired
regarding how signing this Acknowledgement affects my rights and obligations. No one
forced me to sign below.

Dated: 3-18-08

Signature: Kevin Busiglo

Type or Legibly Print Name: KEVIN BUSCIGLIO

Current Mailing Address: 587 GREEN WOOD DR.

VACAVILLE CA 95687

ACKNOWLEDGEMENT OF "SETTLEMENT AGREEMENT AND GENERAL
RELEASE OF CLAIMS" AND "STIPULATION FOR DISMISSAL WITH
PREJUDICE AND FOR ENTRY OF JUDGMENT; ORDER APPROVING
STIPULATION AND DISMISSAL WITH PREJUDICE"

I, Steven Caldera, the undersigned, have had the opportunity to read and understand the:
1) Settlement Agreement and General Release of Claims of the FLSA lawsuit entitled
"*Brian Carter v. City of Martinez*" C06-7534 PJH (Agreement); and 2) the Stipulation
for Dismissal With Prejudice and for Entry of Judgment; Order Approving Stipulation
and Dismissal With Prejudice ("Stipulation and Order"). I acknowledge and agree by my
signature below to accept the gross sum of $2461.84 as a taxable wage payment for back
wages and as a full settlement of any and all claims for violation of the Fair Labor
Standards Act (FLSA) that I have or may have had with the City of Martinez through the
date the Judge signs the Stipulation and Order.

I understand that my acceptance of the wage payment means that I have given up any
right I may have to sue for those wages under the FLSA for claims that accrued before
the effective date of the settlement in this matter. The FLSA provides that an employee
may bring suit on his or her behalf for unpaid minimum wages and/or compensation, as
well as an equal amount as liquidated damages, plus attorney's fees and court costs.
Generally, a 2-year statute of limitations applies to the recovery of back wages.

By signing below, I am agreeing to the terms of the Settlement Agreement and General
Release of Claims and the Stipulation and Order. I understand that by agreeing to the
terms of those documents, I am both settling claims for alleged FLSA violations for the
full liability period of *Carter v. City of Martinez*, and accepting the wage payment of
$2461.84 as full satisfaction for any amount of back pay that may be due and owing from
the City of Martinez as of the date the judge signs the Stipulation and Order. This sum is
intended to compensate me for all compensation allegedly owed, all amounts allegedly
owed for liquidated damages, a one-year extension of the statute of limitations, interest,
and any and all other damages or relief recoverable. I voluntarily sign below after
investigating the facts as I saw fit and based upon my own decision. Prior to signing this
acknowledgement, I had the opportunity to consult with legal counsel if I so desired
regarding how signing this Acknowledgement affects my rights and obligations. No one
forced me to sign below.

Dated: *MARCH 18 2008*

Signature: *Stem Calli*

Type or Legibly Print Name: *STEVEN CALDERA*

Current Mailing Address: *1460 Steele Canyon Road*

*Napa CA 94558*

ACKNOWLEDGEMENT OF "SETTLEMENT AGREEMENT AND GENERAL
RELEASE OF CLAIMS" AND "STIPULATION FOR DISMISSAL WITH
PREJUDICE AND FOR ENTRY OF JUDGMENT; ORDER APPROVING
STIPULATION AND DISMISSAL WITH PREJUDICE"

I, Brian Carter, the undersigned, have had the opportunity to read and understand the: 1)
Settlement Agreement and General Release of Claims of the FLSA lawsuit entitled
"*Brian Carter v. City of Martinez*" C06-7534 PJH (Agreement); and 2) the Stipulation
for Dismissal With Prejudice and for Entry of Judgment; Order Approving Stipulation
and Dismissal With Prejudice ("Stipulation and Order"). I acknowledge and agree by my
signature below to accept the gross sum of $2496.68 as a taxable wage payment for back
wages and as a full settlement of any and all claims for violation of the Fair Labor
Standards Act (FLSA) that I have or may have had with the City of Martinez through the
date the Judge signs the Stipulation and Order.

I understand that my acceptance of the wage payment means that I have given up any
right I may have to sue for those wages under the FLSA for claims that accrued before
the effective date of the settlement in this matter. The FLSA provides that an employee
may bring suit on his or her behalf for unpaid minimum wages and/or compensation, as
well as an equal amount as liquidated damages, plus attorney's fees and court costs.
Generally, a 2-year statute of limitations applies to the recovery of back wages.

By signing below, I am agreeing to the terms of the Settlement Agreement and General
Release of Claims and the Stipulation and Order. I understand that by agreeing to the
terms of those documents, I am both settling claims for alleged FLSA violations for the
full liability period of *Carter v. City of Martinez*, and accepting the wage payment of
$2496.68 as full satisfaction for any amount of back pay that may be due and owing from
the City of Martinez as of the date the judge signs the Stipulation and Order. This sum is
intended to compensate me for all compensation allegedly owed, all amounts allegedly
owed for liquidated damages, a one-year extension of the statute of limitations, interest,
and any and all other damages or relief recoverable. I voluntarily sign below after
investigating the facts as I saw fit and based upon my own decision. Prior to signing this
acknowledgement, I had the opportunity to consult with legal counsel if I so desired
regarding how signing this Acknowledgement affects my rights and obligations. No one
forced me to sign below.

Dated: 3/10/08

Signature: _____

Type or Legibly Print Name: BRIAN CARTER

Current Mailing Address: 5140 BLDE CT, FAIRFIELD
94534

ACKNOWLEDGEMENT OF "SETTLEMENT AGREEMENT AND GENERAL
RELEASE OF CLAIMS" AND "STIPULATION FOR DISMISSAL WITH
PREJUDICE AND FOR ENTRY OF JUDGMENT; ORDER APPROVING
STIPULATION AND DISMISSAL WITH PREJUDICE"

I, Bryan Dodd, the undersigned, have had the opportunity to read and understand the: 1)
Settlement Agreement and General Release of Claims of the FLSA lawsuit entitled
*"Brian Carter v. City of Martinez"* C06-7534 PJH (Agreement); and 2) the Stipulation
for Dismissal With Prejudice and for Entry of Judgment; Order Approving Stipulation
and Dismissal With Prejudice ("Stipulation and Order"). I acknowledge and agree by my
signature below to accept the gross sum of $2622.21 as a taxable wage payment for back
wages and as a full settlement of any and all claims for violation of the Fair Labor
Standards Act (FLSA) that I have or may have had with the City of Martinez through the
date the Judge signs the Stipulation and Order.

I understand that my acceptance of the wage payment means that I have given up any
right I may have to sue for those wages under the FLSA for claims that accrued before
the effective date of the settlement in this matter. The FLSA provides that an employee
may bring suit on his or her behalf for unpaid minimum wages and/or compensation, as
well as an equal amount as liquidated damages, plus attorney's fees and court costs.
Generally, a 2-year statute of limitations applies to the recovery of back wages.

By signing below, I am agreeing to the terms of the Settlement Agreement and General
Release of Claims and the Stipulation and Order. I understand that by agreeing to the
terms of those documents, I am both settling claims for alleged FLSA violations for the
full liability period of *Carter v. City of Martinez*, and accepting the wage payment of
$2622.21 as full satisfaction for any amount of back pay that may be due and owing from
the City of Martinez as of the date the judge signs the Stipulation and Order. This sum is
intended to compensate me for all compensation allegedly owed, all amounts allegedly
owed for liquidated damages, a one-year extension of the statute of limitations, interest,
and any and all other damages or relief recoverable. I voluntarily sign below after
investigating the facts as I saw fit and based upon my own decision. Prior to signing this
acknowledgement, I had the opportunity to consult with legal counsel if I so desired
regarding how signing this Acknowledgement affects my rights and obligations. No one
forced me to sign below.

Dated: 3|18|08

Signature: B. Dodd

Type or Legibly Print Name: BRYAN J. Dodd

Current Mailing Address: 625 WHITESTAG WAY

VACAVILLE, CA 95687-7345

ACKNOWLEDGEMENT OF "SETTLEMENT AGREEMENT AND GENERAL
RELEASE OF CLAIMS" AND "STIPULATION FOR DISMISSAL WITH
PREJUDICE AND FOR ENTRY OF JUDGMENT; ORDER APPROVING
STIPULATION AND DISMISSAL WITH PREJUDICE"

I, Michael Estanol, the undersigned, have had the opportunity to read and understand the:
1) Settlement Agreement and General Release of Claims of the FLSA lawsuit entitled
*"Brian Carter v. City of Martinez"* C06-7534 PJH (Agreement); and 2) the Stipulation
for Dismissal With Prejudice and for Entry of Judgment; Order Approving Stipulation
and Dismissal With Prejudice ("Stipulation and Order"). I acknowledge and agree by my
signature below to accept the gross sum of $2277.62 as a taxable wage payment for back
wages and as a full settlement of any and all claims for violation of the Fair Labor
Standards Act (FLSA) that I have or may have had with the City of Martinez through the
date the Judge signs the Stipulation and Order.

I understand that my acceptance of the wage payment means that I have given up any
right I may have to sue for those wages under the FLSA for claims that accrued before
the effective date of the settlement in this matter. The FLSA provides that an employee
may bring suit on his or her behalf for unpaid minimum wages and/or compensation, as
well as an equal amount as liquidated damages, plus attorney's fees and court costs.
Generally, a 2-year statute of limitations applies to the recovery of back wages.

By signing below, I am agreeing to the terms of the Settlement Agreement and General
Release of Claims and the Stipulation and Order. I understand that by agreeing to the
terms of those documents, I am both settling claims for alleged FLSA violations for the
full liability period of *Carter v. City of Martinez*, and accepting the wage payment of
$2277.62 as full satisfaction for any amount of back pay that may be due and owing from
the City of Martinez as of the date the judge signs the Stipulation and Order. This sum is
intended to compensate me for all compensation allegedly owed, all amounts allegedly
owed for liquidated damages, a one-year extension of the statute of limitations, interest,
and any and all other damages or relief recoverable. I voluntarily sign below after
investigating the facts as I saw fit and based upon my own decision. Prior to signing this
acknowledgement, I had the opportunity to consult with legal counsel if I so desired
regarding how signing this Acknowledgement affects my rights and obligations. No one
forced me to sign below.

Dated: 3/18/08

Signature:

Type or Legibly Print Name: MICHAEL ESTANOL

Current Mailing Address: 208 LAWRENCE LN., BRENTWOOD CA 94513

ACKNOWLEDGEMENT OF "SETTLEMENT AGREEMENT AND GENERAL
RELEASE OF CLAIMS" AND "STIPULATION FOR DISMISSAL WITH
PREJUDICE AND FOR ENTRY OF JUDGMENT; ORDER APPROVING
STIPULATION AND DISMISSAL WITH PREJUDICE"

I, Fred Ferrer, the undersigned, have had the opportunity to read and understand the: 1)
Settlement Agreement and General Release of Claims of the FLSA lawsuit entitled
"*Brian Carter v. City of Martinez*" C06-7534 PJH (Agreement); and 2) the Stipulation
for Dismissal With Prejudice and for Entry of Judgment; Order Approving Stipulation
and Dismissal With Prejudice ("Stipulation and Order"). I acknowledge and agree by my
signature below to accept the gross sum of $2337.11 as a taxable wage payment for back
wages and as a full settlement of any and all claims for violation of the Fair Labor
Standards Act (FLSA) that I have or may have had with the City of Martinez through the
date the Judge signs the Stipulation and Order.

I understand that my acceptance of the wage payment means that I have given up any
right I may have to sue for those wages under the FLSA for claims that accrued before
the effective date of the settlement in this matter. The FLSA provides that an employee
may bring suit on his or her behalf for unpaid minimum wages and/or compensation, as
well as an equal amount as liquidated damages, plus attorney's fees and court costs.
Generally, a 2-year statute of limitations applies to the recovery of back wages.

By signing below, I am agreeing to the terms of the Settlement Agreement and General
Release of Claims and the Stipulation and Order. I understand that by agreeing to the
terms of those documents, I am both settling claims for alleged FLSA violations for the
full liability period of *Carter v. City of Martinez*, and accepting the wage payment of
$2337.11 as full satisfaction for any amount of back pay that may be due and owing from
the City of Martinez as of the date the judge signs the Stipulation and Order. This sum is
intended to compensate me for all compensation allegedly owed, all amounts allegedly
owed for liquidated damages, a one-year extension of the statute of limitations, interest,
and any and all other damages or relief recoverable. I voluntarily sign below after
investigating the facts as I saw fit and based upon my own decision. Prior to signing this
acknowledgement, I had the opportunity to consult with legal counsel if I so desired
regarding how signing this Acknowledgement affects my rights and obligations. No one
forced me to sign below.

Dated: 3|18|08

Signature: _____

Type or Legibly Print Name: FRED D. FERRER JR.

Current Mailing Address: PO BOX 2084

MARTINEZ, CA. 94553

ACKNOWLEDGEMENT OF "SETTLEMENT AGREEMENT AND GENERAL
RELEASE OF CLAIMS" AND "STIPULATION FOR DISMISSAL WITH
PREJUDICE AND FOR ENTRY OF JUDGMENT; ORDER APPROVING
STIPULATION AND DISMISSAL WITH PREJUDICE"

I, William Kruta, the undersigned, have had the opportunity to read and understand the:
1) Settlement Agreement and General Release of Claims of the FLSA lawsuit entitled
"*Brian Carter v. City of Martinez*" C06-7534 PJH (Agreement); and 2) the Stipulation
for Dismissal With Prejudice and for Entry of Judgment; Order Approving Stipulation
and Dismissal With Prejudice ("Stipulation and Order"). I acknowledge and agree by my
signature below to accept the gross sum of $2572.48 as a taxable wage payment for back
wages and as a full settlement of any and all claims for violation of the Fair Labor
Standards Act (FLSA) that I have or may have had with the City of Martinez through the
date the Judge signs the Stipulation and Order.

I understand that my acceptance of the wage payment means that I have given up any
right I may have to sue for those wages under the FLSA for claims that accrued before
the effective date of the settlement in this matter. The FLSA provides that an employee
may bring suit on his or her behalf for unpaid minimum wages and/or compensation, as
well as an equal amount as liquidated damages, plus attorney's fees and court costs.
Generally, a 2-year statute of limitations applies to the recovery of back wages.

By signing below, I am agreeing to the terms of the Settlement Agreement and General
Release of Claims and the Stipulation and Order. I understand that by agreeing to the
terms of those documents, I am both settling claims for alleged FLSA violations for the
full liability period of *Carter v. City of Martinez*, and accepting the wage payment of
$2572.48 as full satisfaction for any amount of back pay that may be due and owing from
the City of Martinez as of the date the judge signs the Stipulation and Order. This sum is
intended to compensate me for all compensation allegedly owed, all amounts allegedly
owed for liquidated damages, a one-year extension of the statute of limitations, interest,
and any and all other damages or relief recoverable. I voluntarily sign below after
investigating the facts as I saw fit and based upon my own decision. Prior to signing this
acknowledgement, I had the opportunity to consult with legal counsel if I so desired
regarding how signing this Acknowledgement affects my rights and obligations. No one
forced me to sign below.

Dated: 03.18.08

Signature:

Type or Legibly Print Name: WILLIAM A. KRUTA

Current Mailing Address: 303 OAKWOOD CIR.

MARTINEZ, CA. 94553

ACKNOWLEDGEMENT OF "SETTLEMENT AGREEMENT AND GENERAL
RELEASE OF CLAIMS" AND "STIPULATION FOR DISMISSAL WITH
PREJUDICE AND FOR ENTRY OF JUDGMENT; ORDER APPROVING
STIPULATION AND DISMISSAL WITH PREJUDICE"

I, Ian Leong, the undersigned, have had the opportunity to read and understand the: 1)
Settlement Agreement and General Release of Claims of the FLSA lawsuit entitled
"*Brian Carter v. City of Martinez*" C06-7534 PJH (Agreement); and 2) the Stipulation
for Dismissal With Prejudice and for Entry of Judgment; Order Approving Stipulation
and Dismissal With Prejudice ("Stipulation and Order"). I acknowledge and agree by my
signature below to accept the gross sum of $2033.60 as a taxable wage payment for back
wages and as a full settlement of any and all claims for violation of the Fair Labor
Standards Act (FLSA) that I have or may have had with the City of Martinez through the
date the Judge signs the Stipulation and Order.

I understand that my acceptance of the wage payment means that I have given up any
right I may have to sue for those wages under the FLSA for claims that accrued before
the effective date of the settlement in this matter. The FLSA provides that an employee
may bring suit on his or her behalf for unpaid minimum wages and/or compensation, as
well as an equal amount as liquidated damages, plus attorney's fees and court costs.
Generally, a 2-year statute of limitations applies to the recovery of back wages.

By signing below, I am agreeing to the terms of the Settlement Agreement and General
Release of Claims and the Stipulation and Order. I understand that by agreeing to the
terms of those documents, I am both settling claims for alleged FLSA violations for the
full liability period of *Carter v. City of Martinez*, and accepting the wage payment of
$2033.60 as full satisfaction for any amount of back pay that may be due and owing from
the City of Martinez as of the date the judge signs the Stipulation and Order. This sum is
intended to compensate me for all compensation allegedly owed, all amounts allegedly
owed for liquidated damages, a one-year extension of the statute of limitations, interest,
and any and all other damages or relief recoverable. I voluntarily sign below after
investigating the facts as I saw fit and based upon my own decision. Prior to signing this
acknowledgement, I had the opportunity to consult with legal counsel if I so desired
regarding how signing this Acknowledgement affects my rights and obligations. No one
forced me to sign below.

Dated: 03/18/08

Signature:

Type or Legibly Print Name: IAN LEONG

Current Mailing Address: 1591 BROKZIE CIT.

PITSBURH CA 94565

ACKNOWLEDGEMENT OF "SETTLEMENT AGREEMENT AND GENERAL
RELEASE OF CLAIMS" AND "STIPULATION FOR DISMISSAL WITH
PREJUDICE AND FOR ENTRY OF JUDGMENT; ORDER APPROVING
STIPULATION AND DISMISSAL WITH PREJUDICE"

I, Daniel Lynch, the undersigned, have had the opportunity to read and understand the:
1) Settlement Agreement and General Release of Claims of the FLSA lawsuit entitled
*Brian Carter v. City of Martinez"* C06-7534 PJH (Agreement); and 2) the Stipulation
for Dismissal With Prejudice and for Entry of Judgment; Order Approving Stipulation
and Dismissal With Prejudice ("Stipulation and Order"). I acknowledge and agree by my
signature below to accept the gross sum of $2666.39 as a taxable wage payment for back
wages and as a full settlement of any and all claims for violation of the Fair Labor
Standards Act (FLSA) that I have or may have had with the City of Martinez through the
date the Judge signs the Stipulation and Order.

I understand that my acceptance of the wage payment means that I have given up any
right I may have to sue for those wages under the FLSA for claims that accrued before
the effective date of the settlement in this matter. The FLSA provides that an employee
may bring suit on his or her behalf for unpaid minimum wages and/or compensation, as
well as an equal amount as liquidated damages, plus attorney's fees and court costs.
Generally, a 2-year statute of limitations applies to the recovery of back wages.

By signing below, I am agreeing to the terms of the Settlement Agreement and General
Release of Claims and the Stipulation and Order. I understand that by agreeing to the
terms of those documents, I am both settling claims for alleged FLSA violations for the
full liability period of *Carter v. City of Martinez*, and accepting the wage payment of
$2666.39 as full satisfaction for any amount of back pay that may be due and owing from
the City of Martinez as of the date the judge signs the Stipulation and Order. This sum is
intended to compensate me for all compensation allegedly owed, all amounts allegedly
owed for liquidated damages, a one-year extension of the statute of limitations, interest,
and any and all other damages or relief recoverable. I voluntarily sign below after
investigating the facts as I saw fit and based upon my own decision. Prior to signing this
acknowledgement, I had the opportunity to consult with legal counsel if I so desired
regarding how signing this Acknowledgement affects my rights and obligations. No one
forced me to sign below.

Dated: _03/18/08_

Signature: _Daniel Lynch_

Type or Legibly Print Name: _DANIEL LYNCH_

Current Mailing Address: _6984 LEISURE TOWN RD._
_VACAVILLE, CA. 95688_

ACKNOWLEDGEMENT OF "SETTLEMENT AGREEMENT AND GENERAL
RELEASE OF CLAIMS" AND "STIPULATION FOR DISMISSAL WITH
PREJUDICE AND FOR ENTRY OF JUDGMENT; ORDER APPROVING
STIPULATION AND DISMISSAL WITH PREJUDICE"

I, Doug Madsen, the undersigned, have had the opportunity to read and understand the:
1) Settlement Agreement and General Release of Claims of the FLSA lawsuit entitled
"*Brian Carter v. City of Martinez*" C06-7534 PJH (Agreement); and 2) the Stipulation
for Dismissal With Prejudice and for Entry of Judgment; Order Approving Stipulation
and Dismissal With Prejudice ("Stipulation and Order"). I acknowledge and agree by my
signature below to accept the gross sum of $2593.51 as a taxable wage payment for back
wages and as a full settlement of any and all claims for violation of the Fair Labor
Standards Act (FLSA) that I have or may have had with the City of Martinez through the
date the Judge signs the Stipulation and Order.

I understand that my acceptance of the wage payment means that I have given up any
right I may have to sue for those wages under the FLSA for claims that accrued before
the effective date of the settlement in this matter. The FLSA provides that an employee
may bring suit on his or her behalf for unpaid minimum wages and/or compensation, as
well as an equal amount as liquidated damages, plus attorney's fees and court costs.
Generally, a 2-year statute of limitations applies to the recovery of back wages.

By signing below, I am agreeing to the terms of the Settlement Agreement and General
Release of Claims and the Stipulation and Order. I understand that by agreeing to the
terms of those documents, I am both settling claims for alleged FLSA violations for the
full liability period of *Carter v. City of Martinez*, and accepting the wage payment of
$2593.51 as full satisfaction for any amount of back pay that may be due and owing from
the City of Martinez as of the date the judge signs the Stipulation and Order. This sum is
intended to compensate me for all compensation allegedly owed, all amounts allegedly
owed for liquidated damages, a one-year extension of the statute of limitations, interest,
and any and all other damages or relief recoverable. I voluntarily sign below after
investigating the facts as I saw fit and based upon my own decision. Prior to signing this
acknowledgement, I had the opportunity to consult with legal counsel if I so desired
regarding how signing this Acknowledgement affects my rights and obligations. No one
forced me to sign below.

Dated: _3-10-08_

Signature: _____

Type or Legibly Print Name: _POUGLAS  D. MADSEN_

Current Mailing Address: _4309  REDWOOD DR_

_OAKLEY, CA. 94561_

ACKNOWLEDGEMENT OF "SETTLEMENT AGREEMENT AND GENERAL
RELEASE OF CLAIMS" AND "STIPULATION FOR DISMISSAL WITH
PREJUDICE AND FOR ENTRY OF JUDGMENT; ORDER APPROVING
STIPULATION AND DISMISSAL WITH PREJUDICE"

I, David Mathers, the undersigned, have had the opportunity to read and understand the:
1) Settlement Agreement and General Release of Claims of the FLSA lawsuit entitled
"*Brian Carter v. City of Martinez*" C06-7534 PJH (Agreement); and 2) the Stipulation
for Dismissal With Prejudice and for Entry of Judgment; Order Approving Stipulation
and Dismissal With Prejudice ("Stipulation and Order"). I acknowledge and agree by my
signature below to accept the gross sum of $2377.02 as a taxable wage payment for back
wages and as a full settlement of any and all claims for violation of the Fair Labor
Standards Act (FLSA) that I have or may have had with the City of Martinez through the
date the Judge signs the Stipulation and Order.

I understand that my acceptance of the wage payment means that I have given up any
right I may have to sue for those wages under the FLSA for claims that accrued before
the effective date of the settlement in this matter. The FLSA provides that an employee
may bring suit on his or her behalf for unpaid minimum wages and/or compensation, as
well as an equal amount as liquidated damages, plus attorney's fees and court costs.
Generally, a 2-year statute of limitations applies to the recovery of back wages.

By signing below, I am agreeing to the terms of the Settlement Agreement and General
Release of Claims and the Stipulation and Order. I understand that by agreeing to the
terms of those documents, I am both settling claims for alleged FLSA violations for the
full liability period of *Carter v. City of Martinez*, and accepting the wage payment of
$2377.02 as full satisfaction for any amount of back pay that may be due and owing from
the City of Martinez as of the date the judge signs the Stipulation and Order. This sum is
intended to compensate me for all compensation allegedly owed, all amounts allegedly
owed for liquidated damages, a one-year extension of the statute of limitations, interest,
and any and all other damages or relief recoverable. I voluntarily sign below after
investigating the facts as I saw fit and based upon my own decision. Prior to signing this
acknowledgement, I had the opportunity to consult with legal counsel if I so desired
regarding how signing this Acknowledgement affects my rights and obligations. No one
forced me to sign below.

Dated: 3/18/2008

Signature:

Type or Legibly Print Name: DAVID GREGORY MATHERS

Current Mailing Address: 5623 WOODROSE WAY

LIVERMORE, CA 94551

ACKNOWLEDGEMENT OF "SETTLEMENT AGREEMENT AND GENERAL
RELEASE OF CLAIMS" AND "STIPULATION FOR DISMISSAL WITH
PREJUDICE AND FOR ENTRY OF JUDGMENT; ORDER APPROVING
STIPULATION AND DISMISSAL WITH PREJUDICE"

I, Dirk Miller, the undersigned, have had the opportunity to read and understand the: 1)
Settlement Agreement and General Release of Claims of the FLSA lawsuit entitled
"*Brian Carter v. City of Martinez*" C06-7534 PJH (Agreement); and 2) the Stipulation
for Dismissal With Prejudice and for Entry of Judgment; Order Approving Stipulation
and Dismissal With Prejudice ("Stipulation and Order"). I acknowledge and agree by my
signature below to accept the gross sum of $2249.07 as a taxable wage payment for back
wages and as a full settlement of any and all claims for violation of the Fair Labor
Standards Act (FLSA) that I have or may have had with the City of Martinez through the
date the Judge signs the Stipulation and Order.

I understand that my acceptance of the wage payment means that I have given up any
right I may have to sue for those wages under the FLSA for claims that accrued before
the effective date of the settlement in this matter. The FLSA provides that an employee
may bring suit on his or her behalf for unpaid minimum wages and/or compensation, as
well as an equal amount as liquidated damages, plus attorney's fees and court costs.
Generally, a 2-year statute of limitations applies to the recovery of back wages.

By signing below, I am agreeing to the terms of the Settlement Agreement and General
Release of Claims and the Stipulation and Order. I understand that by agreeing to the
terms of those documents, I am both settling claims for alleged FLSA violations for the
full liability period of *Carter v. City of Martinez*, and accepting the wage payment of
$2249.07 as full satisfaction for any amount of back pay that may be due and owing from
the City of Martinez as of the date the judge signs the Stipulation and Order. This sum is
intended to compensate me for all compensation allegedly owed, all amounts allegedly
owed for liquidated damages, a one-year extension of the statute of limitations, interest,
and any and all other damages or relief recoverable. I voluntarily sign below after
investigating the facts as I saw fit and based upon my own decision. Prior to signing this
acknowledgement, I had the opportunity to consult with legal counsel if I so desired
regarding how signing this Acknowledgement affects my rights and obligations. No one
forced me to sign below.

Dated: _03/808_

Signature: _____

Type or Legibly Print Name: _Dirk Miller_

Current Mailing Address: _4786 Green willow ct_

_Fairfield, CA  94534_

ACKNOWLEDGEMENT OF "SETTLEMENT AGREEMENT AND GENERAL
RELEASE OF CLAIMS" AND "STIPULATION FOR DISMISSAL WITH
PREJUDICE AND FOR ENTRY OF JUDGMENT; ORDER APPROVING
STIPULATION AND DISMISSAL WITH PREJUDICE"

I, Tyson Muncher, the undersigned, have had the opportunity to read and understand the:
1) Settlement Agreement and General Release of Claims of the FLSA lawsuit entitled
*"Brian Carter v. City of Martinez"* C06-7534 PJH (Agreement); and 2) the Stipulation
for Dismissal With Prejudice and for Entry of Judgment; Order Approving Stipulation
and Dismissal With Prejudice ("Stipulation and Order"). I acknowledge and agree by my
signature below to accept the gross sum of $2530.70 as a taxable wage payment for back
wages and as a full settlement of any and all claims for violation of the Fair Labor
Standards Act (FLSA) that I have or may have had with the City of Martinez through the
date the Judge signs the Stipulation and Order.

I understand that my acceptance of the wage payment means that I have given up any
right I may have to sue for those wages under the FLSA for claims that accrued before
the effective date of the settlement in this matter. The FLSA provides that an employee
may bring suit on his or her behalf for unpaid minimum wages and/or compensation, as
well as an equal amount as liquidated damages, plus attorney's fees and court costs.
Generally, a 2-year statute of limitations applies to the recovery of back wages.

By signing below, I am agreeing to the terms of the Settlement Agreement and General
Release of Claims and the Stipulation and Order. I understand that by agreeing to the
terms of those documents, I am both settling claims for alleged FLSA violations for the
full liability period of *Carter v. City of Martinez*, and accepting the wage payment of
$2530.70 as full satisfaction for any amount of back pay that may be due and owing from
the City of Martinez as of the date the judge signs the Stipulation and Order. This sum is
intended to compensate me for all compensation allegedly owed, all amounts allegedly
owed for liquidated damages, a one-year extension of the statute of limitations, interest,
and any and all other damages or relief recoverable. I voluntarily sign below after
investigating the facts as I saw fit and based upon my own decision. Prior to signing this
acknowledgement, I had the opportunity to consult with legal counsel if I so desired
regarding how signing this Acknowledgement affects my rights and obligations. No one
forced me to sign below.

Dated: 3/18/08

Signature:

Type or Legibly Print Name: TYSON K. MUNCHER

Current Mailing Address: 302 COOPER SCHOOL RD

VACAVILLE, CA 95687

ACKNOWLEDGEMENT OF "SETTLEMENT AGREEMENT AND GENERAL
RELEASE OF CLAIMS" AND "STIPULATION FOR DISMISSAL WITH
PREJUDICE AND FOR ENTRY OF JUDGMENT; ORDER APPROVING
STIPULATION AND DISMISSAL WITH PREJUDICE"

I, Tim Patterson, the undersigned, have had the opportunity to read and understand the:
1) Settlement Agreement and General Release of Claims of the FLSA lawsuit entitled
"*Brian Carter v. City of Martinez*" C06-7534 PJH (Agreement); and 2) the Stipulation
for Dismissal With Prejudice and for Entry of Judgment; Order Approving Stipulation
and Dismissal With Prejudice ("Stipulation and Order").  I acknowledge and agree by my
signature below to accept the gross sum of $2532.22 as a taxable wage payment for back
wages and as a full settlement of any and all claims for violation of the Fair Labor
Standards Act (FLSA) that I have or may have had with the City of Martinez through the
date the Judge signs the Stipulation and Order.

I understand that my acceptance of the wage payment means that I have given up any
right I may have to sue for those wages under the FLSA for claims that accrued before
the effective date of the settlement in this matter.  The FLSA provides that an employee
may bring suit on his or her behalf for unpaid minimum wages and/or compensation, as
well as an equal amount as liquidated damages, plus attorney's fees and court costs.
Generally, a 2-year statute of limitations applies to the recovery of back wages.

By signing below, I am agreeing to the terms of the Settlement Agreement and General
Release of Claims and the Stipulation and Order.  I understand that by agreeing to the
terms of those documents, I am both settling claims for alleged FLSA violations for the
full liability period of *Carter v. City of Martinez*, and accepting the wage payment of
$2532.22 as full satisfaction for any amount of back pay that may be due and owing from
the City of Martinez as of the date the judge signs the Stipulation and Order.  This sum is
intended to compensate me for all compensation allegedly owed, all amounts allegedly
owed for liquidated damages, a one-year extension of the statute of limitations, interest,
and any and all other damages or relief recoverable.  I voluntarily sign below after
investigating the facts as I saw fit and based upon my own decision.  Prior to signing this
acknowledgement, I had the opportunity to consult with legal counsel if I so desired
regarding how signing this Acknowledgement affects my rights and obligations.  No one
forced me to sign below.

Dated: 3-18-08

Signature: 

Type or Legibly Print Name: TIM PATTERSON

Current Mailing Address: 589 PERIWINKLE PL.
BENICIA CALIF.

ACKNOWLEDGEMENT OF "SETTLEMENT AGREEMENT AND GENERAL
RELEASE OF CLAIMS" AND "STIPULATION FOR DISMISSAL WITH
PREJUDICE AND FOR ENTRY OF JUDGMENT; ORDER APPROVING
STIPULATION AND DISMISSAL WITH PREJUDICE"

I, Evert Prins, the undersigned, have had the opportunity to read and understand the:  1)
Settlement Agreement and General Release of Claims of the FLSA lawsuit entitled
*"Brian Carter v. City of Martinez"* C06-7534 PJH (Agreement); and 2) the Stipulation
for Dismissal With Prejudice and for Entry of Judgment; Order Approving Stipulation
and Dismissal With Prejudice ("Stipulation and Order").  I acknowledge and agree by my
signature below to accept the gross sum of $2984.61 as a taxable wage payment for back
wages and as a full settlement of any and all claims for violation of the Fair Labor
Standards Act (FLSA) that I have or may have had with the City of Martinez through the
date the Judge signs the Stipulation and Order.

I understand that my acceptance of the wage payment means that I have given up any
right I may have to sue for those wages under the FLSA for claims that accrued before
the effective date of the settlement in this matter.  The FLSA provides that an employee
may bring suit on his or her behalf for unpaid minimum wages and/or compensation, as
well as an equal amount as liquidated damages, plus attorney's fees and court costs.
Generally, a 2-year statute of limitations applies to the recovery of back wages.

By signing below, I am agreeing to the terms of the Settlement Agreement and General
Release of Claims and the Stipulation and Order.  I understand that by agreeing to the
terms of those documents, I am both settling claims for alleged FLSA violations for the
full liability period of *Carter v. City of Martinez*, and accepting the wage payment of
$2984.61 as full satisfaction for any amount of back pay that may be due and owing from
the City of Martinez as of the date the judge signs the Stipulation and Order.  This sum is
intended to compensate me for all compensation allegedly owed, all amounts allegedly
owed for liquidated damages, a one-year extension of the statute of limitations, interest,
and any and all other damages or relief recoverable.  I voluntarily sign below after
investigating the facts as I saw fit and based upon my own decision.  Prior to signing this
acknowledgement, I had the opportunity to consult with legal counsel if I so desired
regarding how signing this Acknowledgement affects my rights and obligations.  No one
forced me to sign below.

Dated:  _3-21-08_

Signature:  _____

Type or Legibly Print Name:  _Evert Prins_

Current Mailing Address:  _1555 American Beauty Dr._
_Concord, CA 94521_

*attn. Maggie*

ACKNOWLEDGEMENT OF "SETTLEMENT AGREEMENT AND GENERAL
RELEASE OF CLAIMS" AND "STIPULATION FOR DISMISSAL WITH
PREJUDICE AND FOR ENTRY OF JUDGMENT; ORDER APPROVING
STIPULATION AND DISMISSAL WITH PREJUDICE"

I, Jason Rodgers, the undersigned, have had the opportunity to read and understand the:
1) Settlement Agreement and General Release of Claims of the FLSA lawsuit entitled
*"Brian Carter v. City of Martinez"* C06-7534 PJH (Agreement); and 2) the Stipulation
for Dismissal With Prejudice and for Entry of Judgment; Order Approving Stipulation
and Dismissal With Prejudice ("Stipulation and Order"). I acknowledge and agree by my
signature below to accept the gross sum of $1500.00 as a taxable wage payment for back
wages and as a full settlement of any and all claims for violation of the Fair Labor
Standards Act (FLSA) that I have or may have had with the City of Martinez through the
date the Judge signs the Stipulation and Order.

I understand that my acceptance of the wage payment means that I have given up any
right I may have to sue for those wages under the FLSA for claims that accrued before
the effective date of the settlement in this matter. The FLSA provides that an employee
may bring suit on his or her behalf for unpaid minimum wages and/or compensation, as
well as an equal amount as liquidated damages, plus attorney's fees and court costs.
Generally, a 2-year statute of limitations applies to the recovery of back wages.

By signing below, I am agreeing to the terms of the Settlement Agreement and General
Release of Claims and the Stipulation and Order. I understand that by agreeing to the
terms of those documents, I am both settling claims for alleged FLSA violations for the
full liability period of *Carter v. City of Martinez*, and accepting the wage payment of
$1500.00 as full satisfaction for any amount of back pay that may be due and owing from
the City of Martinez as of the date the judge signs the Stipulation and Order. This sum is
intended to compensate me for all compensation allegedly owed, all amounts allegedly
owed for liquidated damages, a one-year extension of the statute of limitations, interest,
and any and all other damages or relief recoverable. I voluntarily sign below after
investigating the facts as I saw fit and based upon my own decision. Prior to signing this
acknowledgement, I had the opportunity to consult with legal counsel if I so desired
regarding how signing this Acknowledgement affects my rights and obligations. No one
forced me to sign below.

Dated: 3/20/8

Signature:

Type or Legibly Print Name: JASON RODGERS

Current Mailing Address: 549 CASHEW PLACE
BRENTWOOD CA 94513

ACKNOWLEDGEMENT OF "SETTLEMENT AGREEMENT AND GENERAL
RELEASE OF CLAIMS" AND "STIPULATION FOR DISMISSAL WITH
PREJUDICE AND FOR ENTRY OF JUDGMENT; ORDER APPROVING
STIPULATION AND DISMISSAL WITH PREJUDICE"

I, Aaron Roth, the undersigned, have had the opportunity to read and understand the: 1)
Settlement Agreement and General Release of Claims of the FLSA lawsuit entitled
"*Brian Carter v. City of Martinez*" C06-7534 PJH (Agreement); and 2) the Stipulation
for Dismissal With Prejudice and for Entry of Judgment; Order Approving Stipulation
and Dismissal With Prejudice ("Stipulation and Order"). I acknowledge and agree by my
signature below to accept the gross sum of $2535.24 as a taxable wage payment for back
wages and as a full settlement of any and all claims for violation of the Fair Labor
Standards Act (FLSA) that I have or may have had with the City of Martinez through the
date the Judge signs the Stipulation and Order.

I understand that my acceptance of the wage payment means that I have given up any
right I may have to sue for those wages under the FLSA for claims that accrued before
the effective date of the settlement in this matter. The FLSA provides that an employee
may bring suit on his or her behalf for unpaid minimum wages and/or compensation, as
well as an equal amount as liquidated damages, plus attorney's fees and court costs.
Generally, a 2-year statute of limitations applies to the recovery of back wages.

By signing below, I am agreeing to the terms of the Settlement Agreement and General
Release of Claims and the Stipulation and Order. I understand that by agreeing to the
terms of those documents, I am both settling claims for alleged FLSA violations for the
full liability period of *Carter v. City of Martinez*, and accepting the wage payment of
$2535.24 as full satisfaction for any amount of back pay that may be due and owing from
the City of Martinez as of the date the judge signs the Stipulation and Order. This sum is
intended to compensate me for all compensation allegedly owed, all amounts allegedly
owed for liquidated damages, a one-year extension of the statute of limitations, interest,
and any and all other damages or relief recoverable. I voluntarily sign below after
investigating the facts as I saw fit and based upon my own decision. Prior to signing this
acknowledgement, I had the opportunity to consult with legal counsel if I so desired
regarding how signing this Acknowledgement affects my rights and obligations. No one
forced me to sign below.

Dated: 3/18/08

Signature: *Aaron R.*

Type or Legibly Print Name: AARON ROTH

Current Mailing Address: 47 JODI CT., FAIRFIELD, CA 94534

ACKNOWLEDGEMENT OF "SETTLEMENT AGREEMENT AND GENERAL
RELEASE OF CLAIMS" AND "STIPULATION FOR DISMISSAL WITH
PREJUDICE AND FOR ENTRY OF JUDGMENT; ORDER APPROVING
STIPULATION AND DISMISSAL WITH PREJUDICE"

I, Patrick Salamid, the undersigned, have had the opportunity to read and understand the:
1) Settlement Agreement and General Release of Claims of the FLSA lawsuit entitled
*"Brian Carter v. City of Martinez"* C06-7534 PJH (Agreement); and 2) the Stipulation
for Dismissal With Prejudice and for Entry of Judgment; Order Approving Stipulation
and Dismissal With Prejudice ("Stipulation and Order"). I acknowledge and agree by my
signature below to accept the gross sum of $1500.00 as a taxable wage payment for back
wages and as a full settlement of any and all claims for violation of the Fair Labor
Standards Act (FLSA) that I have or may have had with the City of Martinez through the
date the Judge signs the Stipulation and Order.

I understand that my acceptance of the wage payment means that I have given up any
right I may have to sue for those wages under the FLSA for claims that accrued before
the effective date of the settlement in this matter. The FLSA provides that an employee
may bring suit on his or her behalf for unpaid minimum wages and/or compensation, as
well as an equal amount as liquidated damages, plus attorney's fees and court costs.
Generally, a 2-year statute of limitations applies to the recovery of back wages.

By signing below, I am agreeing to the terms of the Settlement Agreement and General
Release of Claims and the Stipulation and Order. I understand that by agreeing to the
terms of those documents, I am both settling claims for alleged FLSA violations for the
full liability period of *Carter v. City of Martinez*, and accepting the wage payment of
$1500.00 as full satisfaction for any amount of back pay that may be due and owing from
the City of Martinez as of the date the judge signs the Stipulation and Order. This sum is
intended to compensate me for all compensation allegedly owed, all amounts allegedly
owed for liquidated damages, a one-year extension of the statute of limitations, interest,
and any and all other damages or relief recoverable. I voluntarily sign below after
investigating the facts as I saw fit and based upon my own decision. Prior to signing this
acknowledgement, I had the opportunity to consult with legal counsel if I so desired
regarding how signing this Acknowledgement affects my rights and obligations. No one
forced me to sign below.

Dated: *18 MARCH 2008*

Signature: *Ptr/ lli*

Type or Legibly Print Name: *PATRICK SALAMID*

Current Mailing Address: *2734 OAK RD #71*

       *WALNUT CREEK, CA 94597     925-899-2026*

ACKNOWLEDGEMENT OF "SETTLEMENT AGREEMENT AND GENERAL
RELEASE OF CLAIMS" AND "STIPULATION FOR DISMISSAL WITH
PREJUDICE AND FOR ENTRY OF JUDGMENT; ORDER APPROVING
STIPULATION AND DISMISSAL WITH PREJUDICE"

I, Craig Schnabel, the undersigned, have had the opportunity to read and understand the:
1) Settlement Agreement and General Release of Claims of the FLSA lawsuit entitled
"*Brian Carter v. City of Martinez*" C06-7534 PJH (Agreement); and 2) the Stipulation
for Dismissal With Prejudice and for Entry of Judgment; Order Approving Stipulation
and Dismissal With Prejudice ("Stipulation and Order"). I acknowledge and agree by my
signature below to accept the gross sum of $2325.90 as a taxable wage payment for back
wages and as a full settlement of any and all claims for violation of the Fair Labor
Standards Act (FLSA) that I have or may have had with the City of Martinez through the
date the Judge signs the Stipulation and Order.

I understand that my acceptance of the wage payment means that I have given up any
right I may have to sue for those wages under the FLSA for claims that accrued before
the effective date of the settlement in this matter. The FLSA provides that an employee
may bring suit on his or her behalf for unpaid minimum wages and/or compensation, as
well as an equal amount as liquidated damages, plus attorney's fees and court costs.
Generally, a 2-year statute of limitations applies to the recovery of back wages.

By signing below, I am agreeing to the terms of the Settlement Agreement and General
Release of Claims and the Stipulation and Order. I understand that by agreeing to the
terms of those documents, I am both settling claims for alleged FLSA violations for the
full liability period of *Carter v. City of Martinez*, and accepting the wage payment of
$2325.90 as full satisfaction for any amount of back pay that may be due and owing from
the City of Martinez as of the date the judge signs the Stipulation and Order. This sum is
intended to compensate me for all compensation allegedly owed, all amounts allegedly
owed for liquidated damages, a one-year extension of the statute of limitations, interest,
and any and all other damages or relief recoverable. I voluntarily sign below after
investigating the facts as I saw fit and based upon my own decision. Prior to signing this
acknowledgement, I had the opportunity to consult with legal counsel if I so desired
regarding how signing this Acknowledgement affects my rights and obligations. No one
forced me to sign below.

Dated: 03 18 08

Signature: *Craig E. Schnabel*

Type or Legibly Print Name: CRAIG E. SCHNABEL

Current Mailing Address: 81 W. HOOKSTON RD
PLEASANT HILL CA. 94523

ACKNOWLEDGEMENT OF "SETTLEMENT AGREEMENT AND GENERAL
RELEASE OF CLAIMS" AND "STIPULATION FOR DISMISSAL WITH
PREJUDICE AND FOR ENTRY OF JUDGMENT; ORDER APPROVING
STIPULATION AND DISMISSAL WITH PREJUDICE"

I, Josh Skinner, the undersigned, have had the opportunity to read and understand the: 1)
Settlement Agreement and General Release of Claims of the FLSA lawsuit entitled
"*Brian Carter v. City of Martinez*" C06-7534 PJH (Agreement); and 2) the Stipulation
for Dismissal With Prejudice and for Entry of Judgment; Order Approving Stipulation
and Dismissal With Prejudice ("Stipulation and Order"). I acknowledge and agree by my
signature below to accept the gross sum of $2498.28 as a taxable wage payment for back
wages and as a full settlement of any and all claims for violation of the Fair Labor
Standards Act (FLSA) that I have or may have had with the City of Martinez through the
date the Judge signs the Stipulation and Order.

I understand that my acceptance of the wage payment means that I have given up any
right I may have to sue for those wages under the FLSA for claims that accrued before
the effective date of the settlement in this matter. The FLSA provides that an employee
may bring suit on his or her behalf for unpaid minimum wages and/or compensation, as
well as an equal amount as liquidated damages, plus attorney's fees and court costs.
Generally, a 2-year statute of limitations applies to the recovery of back wages.

By signing below, I am agreeing to the terms of the Settlement Agreement and General
Release of Claims and the Stipulation and Order. I understand that by agreeing to the
terms of those documents, I am both settling claims for alleged FLSA violations for the
full liability period of *Carter v. City of Martinez*, and accepting the wage payment of
$2498.28 as full satisfaction for any amount of back pay that may be due and owing from
the City of Martinez as of the date the judge signs the Stipulation and Order. This sum is
intended to compensate me for all compensation allegedly owed, all amounts allegedly
owed for liquidated damages, a one-year extension of the statute of limitations, interest,
and any and all other damages or relief recoverable. I voluntarily sign below after
investigating the facts as I saw fit and based upon my own decision. Prior to signing this
acknowledgement, I had the opportunity to consult with legal counsel if I so desired
regarding how signing this Acknowledgement affects my rights and obligations. No one
forced me to sign below.

Dated: 3/18/08

Signature: 

Type or Legibly Print Name: JOSH SKINNER

Current Mailing Address: 726 PINE CT

MARTINEZ CA 94553

ACKNOWLEDGEMENT OF "SETTLEMENT AGREEMENT AND GENERAL
RELEASE OF CLAIMS" AND "STIPULATION FOR DISMISSAL WITH
PREJUDICE AND FOR ENTRY OF JUDGMENT; ORDER APPROVING
STIPULATION AND DISMISSAL WITH PREJUDICE"

I, Paul Starzyk, the undersigned, have had the opportunity to read and understand the: 1)
Settlement Agreement and General Release of Claims of the FLSA lawsuit entitled
"*Brian Carter v. City of Martinez*" C06-7534 PJH (Agreement); and 2) the Stipulation
for Dismissal With Prejudice and for Entry of Judgment; Order Approving Stipulation
and Dismissal With Prejudice ("Stipulation and Order"). I acknowledge and agree by my
signature below to accept the gross sum of $2398.99 as a taxable wage payment for back
wages and as a full settlement of any and all claims for violation of the Fair Labor
Standards Act (FLSA) that I have or may have had with the City of Martinez through the
date the Judge signs the Stipulation and Order.

I understand that my acceptance of the wage payment means that I have given up any
right I may have to sue for those wages under the FLSA for claims that accrued before
the effective date of the settlement in this matter. The FLSA provides that an employee
may bring suit on his or her behalf for unpaid minimum wages and/or compensation, as
well as an equal amount as liquidated damages, plus attorney's fees and court costs.
Generally, a 2-year statute of limitations applies to the recovery of back wages.

By signing below, I am agreeing to the terms of the Settlement Agreement and General
Release of Claims and the Stipulation and Order. I understand that by agreeing to the
terms of those documents, I am both settling claims for alleged FLSA violations for the
full liability period of *Carter v. City of Martinez*, and accepting the wage payment of
$2398.99 as full satisfaction for any amount of back pay that may be due and owing from
the City of Martinez as of the date the judge signs the Stipulation and Order. This sum is
intended to compensate me for all compensation allegedly owed, all amounts allegedly
owed for liquidated damages, a one-year extension of the statute of limitations, interest,
and any and all other damages or relief recoverable. I voluntarily sign below after
investigating the facts as I saw fit and based upon my own decision. Prior to signing this
acknowledgement, I had the opportunity to consult with legal counsel if I so desired
regarding how signing this Acknowledgement affects my rights and obligations. No one
forced me to sign below.

Dated: 03-18-08

Signature:

Type or Legibly Print Name: Paul A. Starzyk

Current Mailing Address: 1155-c Arnold Dr. #282

Martinez, CA 94553

ACKNOWLEDGEMENT OF "SETTLEMENT AGREEMENT AND GENERAL
RELEASE OF CLAIMS" AND "STIPULATION FOR DISMISSAL WITH
PREJUDICE AND FOR ENTRY OF JUDGMENT; ORDER APPROVING
STIPULATION AND DISMISSAL WITH PREJUDICE"

I, John Stretch, the undersigned, have had the opportunity to read and understand the: 1)
Settlement Agreement and General Release of Claims of the FLSA lawsuit entitled
*"Brian Carter v. City of Martinez"* C06-7534 PJH (Agreement); and 2) the Stipulation
for Dismissal With Prejudice and for Entry of Judgment; Order Approving Stipulation
and Dismissal With Prejudice ("Stipulation and Order"). I acknowledge and agree by my
signature below to accept the gross sum of $2571.49 as a taxable wage payment for back
wages and as a full settlement of any and all claims for violation of the Fair Labor
Standards Act (FLSA) that I have or may have had with the City of Martinez through the
date the Judge signs the Stipulation and Order.

I understand that my acceptance of the wage payment means that I have given up any
right I may have to sue for those wages under the FLSA for claims that accrued before
the effective date of the settlement in this matter. The FLSA provides that an employee
may bring suit on his or her behalf for unpaid minimum wages and/or compensation, as
well as an equal amount as liquidated damages, plus attorney's fees and court costs.
Generally, a 2-year statute of limitations applies to the recovery of back wages.

By signing below, I am agreeing to the terms of the Settlement Agreement and General
Release of Claims and the Stipulation and Order. I understand that by agreeing to the
terms of those documents, I am both settling claims for alleged FLSA violations for the
full liability period of *Carter v. City of Martinez*, and accepting the wage payment of
$2571.49 as full satisfaction for any amount of back pay that may be due and owing from
the City of Martinez as of the date the judge signs the Stipulation and Order. This sum is
intended to compensate me for all compensation allegedly owed, all amounts allegedly
owed for liquidated damages, a one-year extension of the statute of limitations, interest,
and any and all other damages or relief recoverable. I voluntarily sign below after
investigating the facts as I saw fit and based upon my own decision. Prior to signing this
acknowledgement, I had the opportunity to consult with legal counsel if I so desired
regarding how signing this Acknowledgement affects my rights and obligations. No one
forced me to sign below.

Dated: 3/18/08

Signature:

Type or Legibly Print Name: JOHN STRETCH

Current Mailing Address: 278 BRADY ST, MARTINEZ
CA 94553

ACKNOWLEDGEMENT OF "SETTLEMENT AGREEMENT AND GENERAL
RELEASE OF CLAIMS" AND "STIPULATION FOR DISMISSAL WITH
PREJUDICE AND FOR ENTRY OF JUDGMENT; ORDER APPROVING
STIPULATION AND DISMISSAL WITH PREJUDICE"

I, Michael Thompson, the undersigned, have had the opportunity to read and understand
the: 1) Settlement Agreement and General Release of Claims of the FLSA lawsuit
entitled "*Brian Carter v. City of Martinez*" C06-7534 PJH (Agreement); and 2) the
Stipulation for Dismissal With Prejudice and for Entry of Judgment; Order Approving
Stipulation and Dismissal With Prejudice ("Stipulation and Order"). I acknowledge and
agree by my signature below to accept the gross sum of $2753.37 as a taxable wage
payment for back wages and as a full settlement of any and all claims for violation of the
Fair Labor Standards Act (FLSA) that I have or may have had with the City of Martinez
through the date the Judge signs the Stipulation and Order.

I understand that my acceptance of the wage payment means that I have given up any
right I may have to sue for those wages under the FLSA for claims that accrued before
the effective date of the settlement in this matter. The FLSA provides that an employee
may bring suit on his or her behalf for unpaid minimum wages and/or compensation, as
well as an equal amount as liquidated damages, plus attorney's fees and court costs.
Generally, a 2-year statute of limitations applies to the recovery of back wages.

By signing below, I am agreeing to the terms of the Settlement Agreement and General
Release of Claims and the Stipulation and Order. I understand that by agreeing to the
terms of those documents, I am both settling claims for alleged FLSA violations for the
full liability period of *Carter v. City of Martinez*, and accepting the wage payment of
$2753.37 as full satisfaction for any amount of back pay that may be due and owing from
the City of Martinez as of the date the judge signs the Stipulation and Order. This sum is
intended to compensate me for all compensation allegedly owed, all amounts allegedly
owed for liquidated damages, a one-year extension of the statute of limitations, interest,
and any and all other damages or relief recoverable. I voluntarily sign below after
investigating the facts as I saw fit and based upon my own decision. Prior to signing this
acknowledgement, I had the opportunity to consult with legal counsel if I so desired
regarding how signing this Acknowledgement affects my rights and obligations. No one
forced me to sign below.

Dated: _3/18/08_

Signature: _Michael J Thompson_

Type or Legibly Print Name: _Michael J. Thompson_

Current Mailing Address: _1661 Albani Place, Brentwood,_

_CA 94513_

ACKNOWLEDGEMENT OF "SETTLEMENT AGREEMENT AND GENERAL
RELEASE OF CLAIMS" AND "STIPULATION FOR DISMISSAL WITH
PREJUDICE AND FOR ENTRY OF JUDGMENT; ORDER APPROVING
STIPULATION AND DISMISSAL WITH PREJUDICE"

I, Nick Voyvodich, the undersigned, have had the opportunity to read and understand the:
1) Settlement Agreement and General Release of Claims of the FLSA lawsuit entitled
"*Brian Carter v. City of Martinez*" C06-7534 PJH (Agreement); and 2) the Stipulation
for Dismissal With Prejudice and for Entry of Judgment; Order Approving Stipulation
and Dismissal With Prejudice ("Stipulation and Order"). I acknowledge and agree by my
signature below to accept the gross sum of $2491.78 as a taxable wage payment for back
wages and as a full settlement of any and all claims for violation of the Fair Labor
Standards Act (FLSA) that I have or may have had with the City of Martinez through the
date the Judge signs the Stipulation and Order.

I understand that my acceptance of the wage payment means that I have given up any
right I may have to sue for those wages under the FLSA for claims that accrued before
the effective date of the settlement in this matter. The FLSA provides that an employee
may bring suit on his or her behalf for unpaid minimum wages and/or compensation, as
well as an equal amount as liquidated damages, plus attorney's fees and court costs.
Generally, a 2-year statute of limitations applies to the recovery of back wages.

By signing below, I am agreeing to the terms of the Settlement Agreement and General
Release of Claims and the Stipulation and Order. I understand that by agreeing to the
terms of those documents, I am both settling claims for alleged FLSA violations for the
full liability period of *Carter v. City of Martinez*, and accepting the wage payment of
$2491.78 as full satisfaction for any amount of back pay that may be due and owing from
the City of Martinez as of the date the judge signs the Stipulation and Order. This sum is
intended to compensate me for all compensation allegedly owed, all amounts allegedly
owed for liquidated damages, a one-year extension of the statute of limitations, interest,
and any and all other damages or relief recoverable. I voluntarily sign below after
investigating the facts as I saw fit and based upon my own decision. Prior to signing this
acknowledgement, I had the opportunity to consult with legal counsel if I so desired
regarding how signing this Acknowledgement affects my rights and obligations. No one
forced me to sign below.

Dated: 031808

Signature:

Type or Legibly Print Name: N. Voyvodich

Current Mailing Address: 451 Hawthorne Ln, Benicia Ca 94510

ACKNOWLEDGEMENT OF "SETTLEMENT AGREEMENT AND GENERAL
RELEASE OF CLAIMS" AND "STIPULATION FOR DISMISSAL WITH
PREJUDICE AND FOR ENTRY OF JUDGMENT; ORDER APPROVING
STIPULATION AND DISMISSAL WITH PREJUDICE"

I, Glenn Walkup, the undersigned, have had the opportunity to read and understand the:
1) Settlement Agreement and General Release of Claims of the FLSA lawsuit entitled
"*Brian Carter v. City of Martinez*" C06-7534 PJH (Agreement); and 2) the Stipulation
for Dismissal With Prejudice and for Entry of Judgment; Order Approving Stipulation
and Dismissal With Prejudice ("Stipulation and Order"). I acknowledge and agree by my
signature below to accept the gross sum of $2608.44 as a taxable wage payment for back
wages and as a full settlement of any and all claims for violation of the Fair Labor
Standards Act (FLSA) that I have or may have had with the City of Martinez through the
date the Judge signs the Stipulation and Order.

I understand that my acceptance of the wage payment means that I have given up any
right I may have to sue for those wages under the FLSA for claims that accrued before
the effective date of the settlement in this matter. The FLSA provides that an employee
may bring suit on his or her behalf for unpaid minimum wages and/or compensation, as
well as an equal amount as liquidated damages, plus attorney's fees and court costs.
Generally, a 2-year statute of limitations applies to the recovery of back wages.

By signing below, I am agreeing to the terms of the Settlement Agreement and General
Release of Claims and the Stipulation and Order. I understand that by agreeing to the
terms of those documents, I am both settling claims for alleged FLSA violations for the
full liability period of *Carter v. City of Martinez*, and accepting the wage payment of
$2608.44 as full satisfaction for any amount of back pay that may be due and owing from
the City of Martinez as of the date the judge signs the Stipulation and Order. This sum is
intended to compensate me for all compensation allegedly owed, all amounts allegedly
owed for liquidated damages, a one-year extension of the statute of limitations, interest,
and any and all other damages or relief recoverable. I voluntarily sign below after
investigating the facts as I saw fit and based upon my own decision. Prior to signing this
acknowledgement, I had the opportunity to consult with legal counsel if I so desired
regarding how signing this Acknowledgement affects my rights and obligations. No one
forced me to sign below.

Dated: 3/18/08

Signature:

Type or Legibly Print Name: GLENN A. WALKUP

Current Mailing Address: 468 BRANLEY CT. VACAVILLE
CA 95687

ACKNOWLEDGEMENT OF "SETTLEMENT AGREEMENT AND GENERAL
RELEASE OF CLAIMS" AND "STIPULATION FOR DISMISSAL WITH
PREJUDICE AND FOR ENTRY OF JUDGMENT; ORDER APPROVING
STIPULATION AND DISMISSAL WITH PREJUDICE"

I, Adam Winslett, the undersigned, have had the opportunity to read and understand the:
1) Settlement Agreement and General Release of Claims of the FLSA lawsuit entitled
*"Brian Carter v. City of Martinez"* C06-7534 PJH (Agreement); and 2) the Stipulation
for Dismissal With Prejudice and for Entry of Judgment; Order Approving Stipulation
and Dismissal With Prejudice ("Stipulation and Order"). I acknowledge and agree by my
signature below to accept the gross sum of $1500.00 as a taxable wage payment for back
wages and as a full settlement of any and all claims for violation of the Fair Labor
Standards Act (FLSA) that I have or may have had with the City of Martinez through the
date the Judge signs the Stipulation and Order.

I understand that my acceptance of the wage payment means that I have given up any
right I may have to sue for those wages under the FLSA for claims that accrued before
the effective date of the settlement in this matter. The FLSA provides that an employee
may bring suit on his or her behalf for unpaid minimum wages and/or compensation, as
well as an equal amount as liquidated damages, plus attorney's fees and court costs.
Generally, a 2-year statute of limitations applies to the recovery of back wages.

By signing below, I am agreeing to the terms of the Settlement Agreement and General
Release of Claims and the Stipulation and Order. I understand that by agreeing to the
terms of those documents, I am both settling claims for alleged FLSA violations for the
full liability period of *Carter v. City of Martinez*, and accepting the wage payment of
$1500.00 as full satisfaction for any amount of back pay that may be due and owing from
the City of Martinez as of the date the judge signs the Stipulation and Order. This sum is
intended to compensate me for all compensation allegedly owed, all amounts allegedly
owed for liquidated damages, a one-year extension of the statute of limitations, interest,
and any and all other damages or relief recoverable. I voluntarily sign below after
investigating the facts as I saw fit and based upon my own decision. Prior to signing this
acknowledgement, I had the opportunity to consult with legal counsel if I so desired
regarding how signing this Acknowledgement affects my rights and obligations. No one
forced me to sign below.

Dated: 3/18/08

Signature: *Adam Winslett*

Type or Legibly Print Name: ADAM WINSLETT

Current Mailing Address: 3325 NORTHWOOD DR #A

CONCORD, CA 94520

EXHIBIT D

Exhibit D

Plaintiff Allocation

*Carter v. City of Martinez*

| Plaintiff Name | Allocation | |
|---|---|---|
| Buda, Charles | $ | 2,118.31 |
| Busciglio, Kevin | $ | 2,230.40 |
| Butler, John P | $ | 2,605.35 |
| Caldera, Steven M | $ | 2,461.84 |
| Carter, Brian | $ | 2,496.68 |
| Dodd, Bryan V | $ | 2,622.21 |
| Estanol, Michael | $ | 2,277.62 |
| Ferrer, Fred | $ | 2,337.11 |
| Kruta, William A | $ | 2,572.48 |
| Leong, Ian P. | $ | 2,033.60 |
| Lynch, Daniel | $ | 2,666.39 |
| Madsen, Doug | $ | 2,593.51 |
| Maloney, Lisa M | $ | 2,434.60 |
| Mathers, David G | $ | 2,377.02 |
| Miller, Dirk | $ | 2,249.07 |
| Muncher, Tyson | $ | 2,530.70 |
| Patterson, Tim | $ | 2,532.22 |
| Prins, Evert | $ | 2,984.61 |
| Rodgers, Jason | $ | 1,500.00 |
| Roth, Aaron | $ | 2,535.24 |
| Salamid, Patrick | $ | 1,500.00 |
| Schnabel, Craig | $ | 2,325.90 |
| Skinner, Josh | $ | 2,498.28 |
| Starzyk, Paul A | $ | 2,398.99 |
| Stretch, John | $ | 2,571.49 |
| Thompson, Michael J | $ | 2,753.37 |
| VanDerMeulen, Jeff | $ | 2,585.78 |
| Voyvodich, Nick | $ | 2,491.78 |
| Walkup, Glenn | $ | 2,608.44 |
| Winslett, Adam | $ | 1,500.00 |